IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| CHARLES F. SPOSATO | * | |
| | * | |
| v. | * | Civil No. CCB-12-1569 |
| | * | |
| FIRST MARINER BANK | * | |

\* \* \* \* \* \*

## MEMORANDUM

Plaintiff Charles F. Sposato brought this suit against defendant First Mariner Bank for declaratory and injunctive relief with respect to Sposato's rights to receive distributions from the Cecil Bank Supplemental Executive Retirement Plan ("SERP") despite the writs of garnishment First Mariner has served on Cecil Bank for those distributions. Now pending are First Mariner's motion to dismiss or, in the alternative, for summary judgment and Sposato's cross motion for summary judgment. Most of the issues have been fully briefed, and no hearing is necessary. *See* Local Rule 105.6. For the following reasons, First Mariner's motion to dismiss will be granted on the issue of ERISA protection but denied without prejudice on the issue of partial protection by other law. Sposato's motion for summary judgment will be denied on the issue of ERISA protection and denied without prejudice on the issue of partial protection by other law.

### Background

Both parties agree on the following facts. Sposato, a former executive employee of Cecil Bank, is a participant in, and beneficiary of, the SERP. (Def.'s Mem. in Supp. of Mot. to Dismiss or for Summ. J. [hereinafter Def.'s Mem.] at 2, ECF No. 6-1; Pl.'s Mem. in Supp. of Mot. for Summ. J. [hereinafter Pl.'s Mem.] at 2, ECF No. 9-2.) The SERP is "a plan which is unfunded and is maintained by an employer primarily for the purpose of providing deferred

compensation for a select group of management or highly compensated employees" as described in Section 201(2) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1051(2).  (*See* SERP ¶ 11.10, Compl., Ex. 1, ECF No. 1-1.)  This type of "unfunded" retirement plan is generally referred to as a "top hat" plan.  (Def.'s Mem. at 9; Pl.'s Mem. at 3.)  According to the SERP's anti-alienation provision,

> [t]he benefits provided under the Plan may not be alienated, assigned, transferred, pledged or hypothecated by any person, at any time, or to any person whatsoever.  Those benefits shall be exempt from the claims of creditors or other claimants of the Participant or Beneficiary and from all orders, decrees, levies, garnishment or executions to the fullest extent allowed by law.[1]

(SERP ¶ 10.1.)

First Mariner has brought three actions against Sposato in the Circuit Court of Baltimore City and sought to enforce the judgments entered against him by serving writs of garnishment on Cecil Bank pursuant to Maryland garnishment law, Md. Rule § 2-645.  (Compl. ¶¶ 16-21; Def.'s Mem. at 4.)  Cecil Bank has identified Sposato's retirement benefits under the SERP as a debt it owes Sposato.  (Compl. ¶ 21; Def.'s Reply at 2.)  Sposato claims, however, that SERP benefits are not subject to garnishment.

## Legal Standard

In reviewing a defendant's motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court accepts as true all well-pleaded allegations and views the complaint in the light most favorable to the plaintiff.  *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citing *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)).  To survive a motion to dismiss, "a complaint must contain sufficient factual

---

[1] Neither party has addressed the significance of the terms exempting SERP benefits from claims of creditors only "to the fullest allowed by law." (SERP ¶ 10.1.)  If the law does not allow for exemption from garnishment, then the plain language of the provision does not support such an exemption.

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court, however, is not required "to accept as true a legal conclusion couched as a factual allegation." *A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 1960 (2012) (quoting *Iqbal*, 556 U.S. at 678) (internal quotations omitted).

The court may consider documents attached to the complaint, as well as documents attached to the motion to dismiss, if they are integral to the complaint and their authenticity is not disputed. *Philips*, 572 F.3d at 180; *CACI Int'l v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009); *Blankenship v. Manchin*, 471 F.3d 523, 526 n.1 (4th Cir. 2006). Additionally, a federal court may take judicial notice of documents from prior state court proceedings and other matters of public record in conjunction with a Rule 12(b)(6) motion to dismiss without converting it into a motion for summary judgment. *Philips*, 572 F.3d at 180 (citing *Papasan v. Allain*, 478 U.S. 265, 268 n.1 (1986)); *Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009); *see also* Fed. R. Evid. 201 (Judicial Notice of Adjudicative Facts).

**Analysis**

In reviewing First Mariner's motion to dismiss under Rule 12(b)(6), the court may properly consider the terms of the SERP, which Sposato attached to his complaint, and the state court judgments entered against Sposato in favor of First Mariner. Because the court need not consider materials other than those outlined above, it will review First Mariner's motion as a motion to dismiss.

The outcome of this case turns on whether the SERP's anti-alienation provision barring a creditor from garnishing a participant's SERP benefits is enforceable under ERISA, 29 U.S.C.

§ 1002 *et seq.*, or whether state garnishment law may override the SERP's anti-alienation provision.

### A. ERISA's Anti-Alienation Provision Does Not Apply to Top Hat Plans.

Because top hat retirement plans are designed to compensate high-level managers and executives, they are exempt from certain of ERISA's protections intended by Congress to protect workers. *See Holloman v. Mail-Well Corp.*, 443 F.3d 832, 837 (11th Cir. 2006) ("[H]igh-level employees are in a strong bargaining position relative to their employers and thus do not require the same substantive protections that are necessary for other employees."); *see also* 1 ERISA Practice & Litigation § 2:4, Lee T. Polk (Dec. 2012). The SERP specifically states it

> is intended to be exempt from Parts 2, 3, and 4 of Title I of ERISA (see ERISA Sections 201(2), 301(a)(3), and 401(a)(1)). However, the Plan is subject to and has complied with the other applicable requirement of ERISA, including Parts 1, 5 and 6 of Title I of ERISA and applicable federal tax laws such as IRC Section 409A.

(SERP ¶ 11.10.) Accordingly, the SERP is expressly exempt from the requirement in ERISA § 206(d)(1), 29 U.S.C. § 1056(d)(1), that ERISA plans contain an anti-alienation provision because § 206 is in Part 2 from which the SERP is exempt.[2] *See* 29 U.S.C. § 1051(2) (listing "unfunded" top hat plans as an exception to the coverage of Part 2); *see also Carson v. Local 1588 Int'l Longshoremen's Ass'n*, 769 F. Supp. 141, 144 (S.D.N.Y. 1991) (finding ERISA's anti-alienation provision does not apply to top hat plans); *AFLAC Inc. v. Diaz-Verson*, No. 4-11-CV-81, 2012 WL 1903904 at *5 (M.D. Ga. May 25, 2012) ("Top hat plans . . . are exempt from ERISA's anti-alienation provision.")[3]. ERISA's anti-alienation requirement, therefore, does not protect Sposato's SERP benefits from garnishment by First Mariner.

---

[2] Sposato concedes that top hat plans are exempt from ERISA § 206(d)(1). (Pl.'s Mem. at 8.)
[3] Unpublished opinions are cited not as precedent but for the persuasiveness of their reasoning.

**B. ERISA Does Not Preempt Maryland Garnishment Law.**

Sposato asserts that top hat plans are subject to ERISA's general preemption provision in § 514(a), 29 U.S.C. § 1144(a), and its civil enforcement provision in § 502(a), 29 U.S.C. § 1132(a), and that these provisions suggest that the SERP "is governed by a complex network of federal tax and labor provisions which . . . include a requirement that the Plan prohibit alienation, attachment or garnishment by creditors of participants." (Pl.'s Mem. at 8.)

The preemption provision in ERISA § 514(a), 29 U.S.C. § 1144(a), provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." The Supreme Court has fleshed out the test for determining whether state laws "relate to" an ERISA plan and has decided that ERISA preempts any state law that references ERISA plans or has a "connection with" an ERISA plan, including a connection that implicates an area of "core ERISA concern." *Egelhoff v. Egelhoff*, 532 U.S. 141, 147 (2001) (drawing from *N.Y. State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645 (1995) and *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85 (1983)). The Court clarified though that ERISA does not preempt state laws that have only an "incidental effect on ERISA plans." *Id.* at 148 (citing *Cal. Div. of Labor Standards Enforcement v. Dillingham Constr., N.A.*, 519 U.S. 316, 330 (1997)); *see also Travelers*, 514 U.S. at 661-62 (finding indirect economic impact of state law on ERISA plans does not warrant preemption).

In *Mackey v. Lanier Collection Agency & Service, Inc.*, 486 U.S. 825, 838 (1988), the Supreme Court held that ERISA did not preempt Georgia's garnishment law, a law of general application and only remotely related to employee benefit plans, and that Congress did not intend to preclude state-law attachment of ERISA welfare benefit plans. The Court noted in that case that Congress specifically exempted welfare benefit plans from ERISA's anti-alienation

requirement. *Id.* at 837. The analysis in *Mackey* applies to the SERP because Congress made a specific exception from the anti-alienation requirement for top hat pension plans in the same way it made an exception for welfare benefit plans.

Maryland's garnishment law does not reference ERISA plans or treat them any differently from other property. *See* Md. Rule 2-645. It does not interfere with the administration of plans like the SERP but merely provides a process by which a plan participant's creditor can access benefits to which they have a lawful claim when the SERP would otherwise distribute those benefits to the plan participant. *See Mackey*, 486 U.S. at 834 n.10 (finding state garnishment law a procedural device to enforce a judgment, not substantive law creating rights and responsibilities).

Sposato maintains that the Maryland garnishment law is preempted by ERISA and that the court should look to the provisions of the Internal Revenue Code ("IRC") and its Treasury Regulations to interpret ERISA.[4] (Pl.'s Mem. at 8-9.) Sposato concedes, however, that the IRC "does not generally create a private right of action against third parties." (Pl.'s Mem. at 19.) The IRC and Treasury Regulations merely set forth criteria ERISA plans must follow in order to

---

[4] Sposato correctly points out that IRC § 409A prohibits acceleration of payments, 26 U.S.C. § 409A(a)(3), and applicable treasury regulations state that if a plan participant's "right to deferred compensation is made subject to . . . garnishment by [his] creditors . . . , the deferred compensation is treated as having been paid," 26 C.F.R. § 1.409A-3(f). He argues that the treatment of deferred compensation subject to garnishment as "having been paid" constitutes acceleration. (Pl.'s Reply at 6-7.) Sposato's argument fails, however, because First Mariner seeks only to garnish Sposato's plan benefits as they become due and payable and does not require the acceleration of plan payments or the garnishment of benefits before they are due. Furthermore, the Internal Revenue Service ("IRS") Revenue Procedures Sposato uses to support his argument that garnishment of benefit payments is prohibited provide guidance solely on the factors required to be present in cases where the IRS "will ordinarily issue rulings regarding unfunded deferred compensation arrangements" and not about the substance of such rulings. *See* Rev. Proc. 92-65, § 3(01) (1992).

obtain certain tax advantages for employers and plan participants.[5] *See In re Witwer*, 148 B.R. 930, 937 (C.D. Cal. 1992).

Under ERISA's civil enforcement provision in § 502(a)(3), 29 U.S.C. § 1132(a)(3), a plan participant or beneficiary like Sposato may bring a civil action in federal court "to enjoin any act or practice which violates any provision of this title or the terms of the plan." As shown above, garnishment of SERP benefits does not violate any provision of ERISA. Whether garnishment violates the terms of the SERP itself and whether those terms are enforceable in this case is determined by elements of contract law.

### C.  Sposato Cannot Enforce SERP Contract Against Third Party First Mariner.

The SERP anti-alienation provision is an agreement in a contract between two parties, Cecil Bank and its employees. (*See* SERP at 1, 14.) This contract provision is not enforceable against First Mariner, who is not a party to the agreement but has a valid interest in the property as determined by the Maryland state court that issued writs of garnishment. (Def.'s Mem. at 12.)

---

[5] The court takes into consideration a potential policy effect of its decision, which Sposato argues may not only subject Cecil Bank and the participants in its SERP to adverse tax consequences but also imply "that Congress devised a scheme that would prevent any top hat plan from complying with Treasury Regulation § 1.409A-3(f) and thus qualifying for the favorable tax treatment that leads employers to adopt such a plan in the first place." (Pl.'s Reply at 9.) This decision does not mean all top hat plans are invalidated or unable to comply with relevant regulations. Indeed, it is not even clear that Sposato will lose his tax-deferred status because his benefits will not be garnished until payable. A former employee, who is a plan recipient, cannot pledge plan benefit assets himself, and most benefits will not be subject to garnishment. In fact, the IRC itself specifically states that any failure of a plan to comply with the relevant IRC provisions that would engender negative tax consequences "shall only apply with respect to all compensation deferred under the plan for participants with respect to whom the failure relates." 26 U.S.C. § 409A(a)(1)(A)(ii). Significantly, this provision limits the number of plan participants who would be affected by the current decision to those whose plan benefits are subject to valid garnishment orders or other "plan failures." *See* 26 U.S.C. § 409A(a)(1).

7

**D. Exemption from Garnishment of Portion of SERP Benefits.**

In his motion for summary judgment, Sposato argues that, if his SERP benefits are subject to garnishment, Maryland law protects 75% of each benefit payment under an exemption for garnishment of wages in section 15-601.1 of the Maryland Commercial Code. (Pl.'s Mem. at 20.) First Mariner claims the SERP benefits do not satisfy the definition of wages protected from garnishment as set forth by the Code. (Def.'s Reply at 12-14.) On March 20, 2012, however, Sposato raised a new argument that the federal Consumer Credit Protection Act ("CCPA"), 15 U.S.C. § 1671 *et seq.*, protects from garnishment 75% of payments received pursuant to a pension or retirement program. (Pl.'s Mem. Supp. Mot. for Leave to File Surreply at 2.) The court will reserve the issue of whether 75% of Sposato's SERP benefits are protected from garnishment until the parties complete their briefs. At least 25% of his SERP benefits, however, will be subject to garnishment despite the court's decision on that issue.

**E. Payments May Be Garnished Before Due.**

Sposato argues that "First Mariner's garnishment should be determined to be ineffective" because benefit payments are not subject to garnishment before they are actually due. (Pl.'s Mem. at 21.) Maryland Rule 2-645 specifies which property can be garnished including "any debt owed to the judgment debtor, *whether immediately payable or unmatured*." Md. Rule 2-645(a) (emphasis added). Sposato, therefore, misconstrues Maryland law with respect to garnishment. Additionally, First Mariner does not request garnishment for payments before they become due and payable. (Def.'s Reply at 13.)

## Conclusion

For the foregoing reasons, Sposato's SERP benefits are not protected by ERISA and are at least partially subject to First Mariner's writs of garnishment. The court reserves the issue of whether state or federal law protects 75% of the SERP benefits from garnishment until the

parties have completed briefing.  Accordingly, First Mariner's motion to dismiss will be granted on the issue of ERISA protection but denied without prejudice on the issue of partial protection by other law.  Sposato's motion for summary judgment will be denied on the issue of ERISA protection and denied without prejudice on the issue of partial protection by other law.


March 28, 2013                                                         /s/
Date                                                       Catherine C. Blake
                                                           United States District Judge