IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CHARLES F. SPOSATO | * |
| v. | * Civil No. CCB-12-1569 |
| FIRST MARINER BANK | * |

## MEMORANDUM

Plaintiff Charles F. Sposato brought this suit against defendant First Mariner Bank for declaratory and injunctive relief with respect to Sposato's rights to receive distributions from the Cecil Bank Supplemental Executive Retirement Plan ("SERP") despite the writs of garnishment First Mariner has served on Cecil Bank for those distributions. Now pending are First Mariner's motion to dismiss or, in the alternative, for summary judgment and Sposato's cross motion for summary judgment. In a previous order, the court held that Sposato's SERP benefits are not protected by ERISA and are at least partially subject to First Mariner's writs of garnishment. The court, however, reserved the issue of whether state or federal law protects 75% of the SERP benefits from garnishment. These issues have now been fully briefed, and no hearing is necessary. *See* Local Rule 105.6. For the following reasons, First Mariner's motion to dismiss will be granted in part and denied in part, and Sposato's motion for summary judgment will be denied in part and granted in part.

## Background[1]

Sposato, a former executive employee of Cecil Bank, is a participant in, and beneficiary of, the SERP. (Def.'s Mem. in Supp. of Mot. to Dismiss or for Summ. J. [hereinafter Def.'s Mem.] at 2, ECF No. 6-1; Pl.'s Mem. in Supp. of Mot. for Summ. J. [hereinafter Pl.'s Mem.] at 2, ECF No. 9-2.) The SERP is "a plan which is unfunded and is maintained by an employer primarily for the purpose of providing deferred compensation for a select group of management or highly compensated employees" as described in Section 201(2) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1051(2). (*See* SERP ¶ 11.10, Compl., Ex. 1, ECF No. 1-1.) This type of "unfunded" retirement plan is generally referred to as a "top hat" plan. (Def.'s Mem. at 9; Pl.'s Mem. at 3.)

First Mariner has served three writs of garnishment on Cecil Bank pursuant to Maryland garnishment law, Md. Rule § 2-645, seeking Sposato's SERP benefits, which garnishee Cecil Bank has identified as a debt it owes Sposato. (Compl. ¶¶ 16-21; Def.'s Mem. at 4.)

## Legal Standard

**A. Rule 12(b)(6) Dismissal**

In reviewing a defendant's motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court accepts as true all well-pleaded allegations and views the complaint in the light most favorable to the plaintiff. *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citing *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

---

[1] The following facts are relevant to the present opinion. The court's previous opinion outlines the procedural and factual background of this suit in more detail. (*See* Opinion at 1-2, ECF No. 20.)

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court, however, is not required "to accept as true a legal conclusion couched as a factual allegation." *A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 1960 (2012) (quoting *Iqbal*, 556 U.S. at 678) (internal quotations omitted). The court may consider documents attached to the complaint, as well as documents attached to the motion to dismiss if they are integral to the complaint and their authenticity is not disputed. *Philips*, 572 F.3d at 180; *CACI Int'l v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009); *Blankenship v. Manchin*, 471 F.3d 523, 526 n.1 (4th Cir. 2006).

**B. Rule 56 Summary Judgment**

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion. "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). Whether a fact is material depends upon the substantive law. *See id.*

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court must "view the facts and draw reasonable inferences 'in the light most favorable to the

party opposing the [summary judgment] motion,'" *Scott v. Harris*, 550 U.S. 372, 378 (2007) (alteration in original) (quoting *United States v. Diebold*, 369 U.S. 654, 655 (1962)), but the court also must abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993) (internal quotation marks omitted).

**Analysis**

In its previous opinion, the court held that Sposato's SERP benefits are not protected from garnishment by ERISA. Sposato claims that both the Annotated Code of Maryland, Commercial Law Article Section 15-601.1 and Title III of the federal Consumer Credit Protection Act ("CCPA"), 15 U.S.C. §§ 1601 *et seq.*, limit garnishment of his SERP benefits to 25% of the annual SERP payments.

**A. SERP Benefits are Not Wages Protected From Garnishment by Maryland Law**

Sposato argues that Section 15-601.1 protects 75% of each benefit payment through its exemption for garnishment of wages. First Mariner claims the SERP benefits do not satisfy the definition of wages protected from garnishment as set forth by the Code.

The Maryland Commercial Code defines wages as "all monetary remuneration paid to any employee for his employment." Md. Code Ann., Com. Law § 15-601(c). That definition depends on the meaning of employee. *See id.*[2] The Maryland Court of Appeals has established that a retiree receiving a pension is an employee under section 15-601 if the retiree remains "subject to continuing controls" of the employer so that the "retirement pay is not a pension for past services, but a 'current salary earned on a monthly basis.'" *United States v. Williams*, 370 A.2d 1134, 1137 (Md. 1977) (citing *Ables v. Ables*, 540 S.W.2d 769, 770 (Tex. Civ. App. 1976)).

---

[2] Section 15-601(b) states that the term employee "includes an employee whether he is a resident or nonresident of the State" but does not further elaborate on the definition.

In *Williams*, the court found that federal military pensions constitute wages in part because military officers retired from active duty remain members of the military subject to government control. *Id.* Without such continuing conditions on earning pension pay, however, "the monies payable to [a retiree] after his retirement [a]re not 'wages' within the meaning of [Commercial Law] § 15-601(c)." *Mayor and City Council of Baltimore v. Hooper*, 539 A.2d 1130, 1134 (Md. 1988) (considering the definition of employee in the context of government wages and finding that a retiree's "status as an employee . . . was terminated by his retirement.").

In this case, Sposato's benefits under the SERP are "in consideration for services to be performed after the effective date of the Plan, but prior to the executive's retirement," which renders them pay for past services and not wages according to the rule in *Williams*. (*See* SERP at 1.) Sposato argues that his right to receive the SERP benefits is conditioned on his compliance with the noncompetition covenant in the Plan and thus is subject to continuing controls of the employer. *See Williams*, 370 A.2d at 1137. The noncompete condition enumerated in the SERP, however, dictates the conditions under which a participant may receive "Early Retirement Benefits," defined as "benefits payable to the Participant on Termination of Employment *prior to Retirement*." (SERP ¶¶ 3.3, 1.7 (emphasis added).) The SERP defines "Retirement" as the "Termination of Employment other than by reason of death, on or after the Retirement Eligibility Date" as determined by each individual employee's Participation Agreement. (*Id*. ¶¶ 1.15, 1.17.) It further explains that "the Participant's rights to vested benefits prior to Retirement, Disability or death shall be subject to the Noncompete Condition." (*Id*. ¶ 3.2.)

Sposato concedes his employment at Cecil Bank terminated on or after his Retirement Eligibility Date. (Compl. ¶ 8 ("As set forth in the Participation Agreement, because of Sposato's years of prior service to Cecil Bank, Cecil Bank agreed that Sposato was immediately fully

5

vested in his retirement benefits under the SERP.").) His benefits are, therefore, not Early Retirement Benefits that would subject him to the noncompete conditions in SERP ¶ 3.3. Because Sposato receives his SERP benefits free from any conditions or continued service to Cecil Bank, he is not an employee under section 15-601. Accordingly, his SERP benefits do not constitute wages exempt from garnishment by section 15-601.1 of the Code.

### B. SERP Benefits are "Earnings" Protected by the Federal CCPA

Sposato also argues that the federal CCPA protects from garnishment 75% of payments received pursuant to a pension or retirement program. First Mariner contends, however, that Sposato's SERP benefits do not constitute "earnings" protected by the CCPA.

The court first looks to the plain language of the statute to interpret its meaning. *Crespo v. Holder*, 631 F.3d 130, 133 (4th Cir. 2011). The CCPA defines earnings as "compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus or otherwise, and includes periodic payments pursuant to a pension or retirement program." 15 U.S.C. § 1672(a). While the Fourth Circuit has not decided whether annual payments satisfy the terms of the CCPA, the Seventh Circuit has held that the CCPA protects 75% of annual payments from an employee's retirement savings plans. *See United States v. Lee*, 659 F.3d 619, 622 (7th Cir. 2011) (citing *United States v. DeCay*, 620 F.3d 534, 544 (5th Cir. 2010)); *cf. United States v. Laws*, 352 F. Supp. 2d 707, 712-14 (E.D. Va. 2004) (holding annuity payments are not "earnings" protected from garnishment by the CCPA because the funds have already passed from the employer to the debtor).

Following this reasoning, Sposato's annual SERP benefits are "earnings" as defined by the CCPA because they are periodic payments from a retirement plan that have not yet passed

from Cecil Bank to Sposato. Accordingly, the CCPA protects 75% of Sposato's annual SERP benefits from garnishment.

## Conclusion

For the foregoing reasons, while Maryland law does not protect Sposato's SERP benefits as wages, the CCPA does protect 75% of his annual SERP benefits from garnishment. First Mariner's motion to dismiss will be denied as to 75% of Sposato's benefits and granted as to 25% of his benefits. Sposato's motion for summary judgment will be granted as to 75% of his benefits and denied as to 25%. A separate order follows.


August 8, 2013                                          /s/
Date                                                                 Catherine C. Blake
                                                                         United States District Judge